Requestor: James A. Coniglio, Esq., Town Attorney Town of Mt. Morris P.O. Box 157 Geneseo, N.Y. 14454-0157
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as town attorney and as attorney for a village located within the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In a prior opinion of this office, we found that these positions are compatible. 1988 Op Atty Gen (Inf) 77.
 "Villages and towns are separate and independent levels of government. While occasionally there will be matters affecting the interests of both municipalities, we foresee no inevitable and substantial conflict of interests for a person serving as attorney for both the town and village. It is conceivable that the town and village may become engaged in litigation or there may be contracts between the two municipalities. Of course, in these situations it would be improper for the same person to represent both municipalities. The deputy town and village attorneys can handle these matters or outside counsel can be obtained. In the event of other actual or apparent conflicts, the appropriate remedy is recusal."
Ibid.
We conclude that the positions of town attorney and village attorney are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.